**Timothy A. Solomon**, OSB 072573
Direct:   971.634.0194
Email:   tsolomon@LLG-LLC.com
**LEONARD LAW GROUP LLC**
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
Fax: 971.634.0250

Attorneys for Plaintiff,
TerraFresh Organics, LLC

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **TERRAFRESH ORGANICS, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**STEWART BROTHERS, INC.; STEWART FARMS, INC.; CHERYL STEWART; JAMES STEWART; and RONALD STEWART;**<br><br>Defendants. | Case No. 22-cv-01509<br><br>**VERIFIED COMPLAINT** |

Plaintiff TerraFresh Organics, LLC hereby states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for damages under section 5(b) of the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a–499t ("**PACA**") that Plaintiff TerraFresh Organics, LLC ("**TerraFresh**") sustained as a direct result of the Defendants' failure to pay for fresh organic fruit purchased from TerraFresh, and to enforce payment for the fruit from the statutory trust established under section 5(c) of PACA, 7 U.S.C. § 499e(c)(5).

## PARTIES

2. TerraFresh is a California limited liability company with its principal place of business located in Reedley, California.

3. Defendant Stewart Brothers, Inc. ("**Stewart Brothers**") is an Oregon corporation, with its principal place of business located in Hood River, Oregon, which does business as Columbia Gorge Organics a/k/a Columbia Gorge Organic Fruit Co.

4. Defendant Stewart Farms, Inc. ("**Stewart Farms**") is an Oregon corporation with its principal place of business located in Hood River, Oregon, which also does business as Columbia Gorge Organic Fruit Co., and Stewart Brothers, Inc.

5. Defendant Cheryl Stewart is an individual who resides in Hood River County, Oregon, and is the owner, president, and secretary of Stewart Farms, and has represented herself to be the owner of Stewart Brothers.

6. James Stewart is an individual who resides in Hood River County, Oregon and is the secretary of Stewart Brothers.

7. Defendant Ronny Stewart a/k/a Ronald Stewart ("**Ronny Stewart,**" and together with Stewart Brothers, Stewart Farms, Cheryl Stewart, and James Stewart, the "**Defendants**") is an individual who resides in Hood River County, Oregon, and is the president of Stewart Brothers.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. § 1331, because TerraFresh's claims in this action arise under the laws of the United States, 7 U.S.C. §§ 499e(b) and 499e(c)(5).

9.      This Court has supplemental jurisdiction over TerraFresh's other claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the federal question claims.

10.     Venue in this district and division is proper under 28 U.S.C. § 1391(b) and LR 3-2(a) because all Defendants reside in this judicial district and division, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and division.

11.     This Court has personal jurisdiction over all of the Defendants because they are residents of this judicial district and they are subject to the general jurisdiction of the courts of this state.

12.     This Court has jurisdiction over the property that is the subject to this action – assets subject to the PACA trust – because jurisdiction is authorized by PACA 7 U.S.C. § 499e(c)(5) and the property is situated in this judicial district and division.

## FACTS COMMON TO ALL COUNTS

13.     TerraFresh is a supplier of organic fruits who sources organic citrus, mangoes and grapes, domestically and internationally, that it sells to customers throughout the United States.

14.     Stewart Brothers is a Hood River County-based manufacturer of fresh fruit juices and related products from organic fresh fruits and vegetables, and distributes its fresh fruit juices and related products locally, regionally and nationally to the retail and foodservice markets.

15.     Stewart Brothers sources the ingredient organic fresh fruits and vegetables from Stewart Farms, the Stewart family's farming operation and from other suppliers, including TerraFresh.

16.     "Perishable agricultural commodities" are defined under PACA as "[f]resh fruits and fresh vegetables of every kind and character," whether or not frozen or packed in ice ("**Produce**"). 7 U.S.C. § 499a(b)(4).

17.     A "dealer" of Produce is defined in PACA and the Federal Regulations as "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b)(4); 7 C.F.R. § 46.2(m).

18.     "[W]holesale or jobbing quantities" of Produce is further defined in the Federal Regulations as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x).

19.     Under PACA, a Produce transaction is considered in interstate or foreign commerce "if such commodity is part of that current of commerce usual in the trade in that commodity whereby such commodity and/or the products of such commodity are sent from one state with the expectation that they will end their transit, after purchase, in another." 7 U.S.C. § 499a(b)(8).

20.     Upon information and belief, in 1994 Stewart Brothers first purchased wholesale or jobbing quantities of 2,000 pounds of Produce in interstate or foreign commerce and under 7 U.S.C. § 499a(b)(6). Stewart Brothers became a dealer subject to PACA from that day forward.

21.     Stewart Brothers failed to obtain a PACA license from the United States Department of Agriculture (the "**USDA**") to carry on its business as a dealer as required under 7 U.S.C. § 499c(a) and, upon information and belief, since 1994 and at all times relevant to this

complaint, Stewart Brothers has carried on the business of a dealer without a valid PACA license in violation of PACA, 7 U.S.C. § 499c(a).

22. TerraFresh is the holder of PACA license number 20191148, which the USDA issued to TerraFresh on September 6, 2019 and was active throughout TerraFresh's dealings with Stewart Brothers.

23. On November 19, 2019, Stewart Brothers represented to TerraFresh that it was operating under Stewart Farms' PACA license number 19970310.

24. Stewart Farms' PACA license states that it does business under the trade names of Columbia Gorge Organic Fruit Co. and Stewart Brothers, Inc.

25. Stewart Farms' PACA license states that its principals are defendants Cheryl Stewart, Ronny Stewart, and James Stewart (a/k/a Jimmy Stewart).

26. TerraFresh began supplying Stewart Brothers with fresh juice oranges and grapefruit in January of 2020. Each transaction consisted of a truckload of fruit with a total weight of more than 2,000 pounds received in a single day, and was shipped from Mexico or California to Stewart Brothers in Hood River, Oregon.

27. By purchasing 2,000 pounds of Produce in a single day from TerraFresh in interstate commerce starting in 2020, under 7 U.S.C. § 499a(b)(4) Stewart Brothers was a dealer subject to PACA at all times pertinent to TerraFresh's claims for sales subject to this complaint.

28. From April 10, 2021, through June 25, 2021, TerraFresh and Stewart Brothers entered into a series of valid and enforceable contracts under which TerraFresh agreed to sell and Stewart Brothers agreed to purchase 14 truckloads fresh organic oranges, grapefruit and limes (the "**Fruit**") in interstate and foreign commerce shipped from California or Mexico to Stewart

Brothers in Hood River, Oregon, with an aggregate unpaid invoice value of $123,283.34 of which TerraFresh has received payments totaling $17,608.72, which was applied $3,971.38 to interest and $13,637.34 to principal, leaving an unpaid principal balance of $109,646.00 (the "**Transactions**").

29. Stewart Brothers received and accepted each Transaction at the contract destination in Hood River, Oregon. On five of the Transactions, Stewart Brothers notified TerraFresh that it found quality problems with the Fruit upon arrival. In each of the five instances that the Fruit arrived with noted quality problems, the parties negotiated discounted prices for that Fruit and the discounted price was reflected on the invoices TerraFresh issued to Stewart Brothers (the "**Settled Transactions**").

30. Other than on the Settled Transactions, Stewart Brothers did not provide TerraFresh with notice of quality problems, breach of warranty, breach of contract or of claims on any of the Transactions as required by the parties' contracts and ORS § 72.6070.

31. Stewart Brothers did not obtain USDA inspections or any other independent proof of any quality problems with the Fruit on any of the Transactions.

32. At the time of each Transaction, TerraFresh issued and sent invoices to Stewart Brothers reflecting the agreed upon contract price and terms for each of the Transactions, including the following:

     (i)     Pay Terms: PACA Net 10;

     (i)     The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and

            any receivables or proceeds from the sale of these commodities until full payment is received;

(ii)    All claims must be reported to seller within 24 hours of receipt;

(iii)   Interest may accrue on any past-due balances at the rate of 1 and 1/2 % per month (18% per annum); and

(iv)   Buyer agrees to pay all costs of collection, including attorney's fees, and any other damages allowed by law.

33. Stewart Brothers received the invoices and did not object to any of the terms stated on the invoices.

34. The total principal balance due for the Transactions totals $109,646, exclusive of interest, costs, and legal fees.

35. Stewart Brothers failed to timely pay for the Transactions within PACA's 10-day payment term from receipt and acceptance. 7 C.F.R. § 46.2(aa)(5).

36. Despite TerraFresh's repeated demands for payment and Stewart Brothers' repeated assurances that it would pay, Stewart Brothers has failed to pay for the Transactions.

37. TerraFresh has retained Leonard Law Group LLC and the Meuers Law Firm, P.L. to represent it in this matter, and has agreed to pay the firms reasonable fees for their services.

## CLAIMS FOR RELIEF

### COUNT I: STEWART BROTHERS

### BREACH OF CONTRACT

38. TerraFresh re-alleges ¶¶ 1 through 37.

39. As detailed in ¶¶ 28-34, TerraFresh entered into valid and enforceable sales contracts with Stewart Brothers to sell the Fruit identified in the Transactions in interstate commerce.

40. At the time of the Transactions, TerraFresh issued invoices to Stewart Brothers for the Transactions, and submitted the invoices to Stewart Brothers for payment.

41. Stewart Brothers breached the parties' contracts by failing to pay for the Fruit it purchased in the Transactions.

42. TerraFresh fully performed all conditions precedent to the agreed sales contracts.

43. Because Stewart Brothers breached the parties' contracts by failing to pay for the Fruit it purchased in the Transactions, TerraFresh has incurred damages in an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees.

For these reasons, TerraFresh seeks a judgment in its favor and against Stewart Brothers in an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees.

## COUNT II: STEWART BROTHERS
## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U. S.C. § 499e(c)*

44. TerraFresh re-alleges ¶¶ 1 through 37.

45. As detailed in ¶ 28, in each of the Transactions, TerraFresh sold Fruit to Stewart Brothers, consisting of oranges, grapefruit and limes, which were perishable agricultural commodities as defined by PACA, 7 U.S.C. § 499a(b)(4).

46. As detailed in ¶ 28, in each of the Transactions, the sales were in interstate commerce as defined by PACA, 7 U.S.C. § 499a(b)(8), because TerraFresh shipped the Fruit from Mexico or California to Stewart Brothers in Hood River, Oregon.

47. As detailed in ¶¶ 26 and 27, when Stewart Brothers accepted the Fruit in each of the Transactions, under PACA 7 U.S.C. § 499a(b)(6) and 7 C.F.R. § 46.2(m), Stewart Brothers was engaged in the business of a dealer subject to PACA.

48. As a dealer subject to PACA, upon receipt of the Fruit purchased in each Transaction, Stewart Brothers became a trustee of the PACA trust for TerraFresh's benefit in the amount of the Transaction, totaling at least $109,646.

49. By holding a valid PACA license, TerraFresh used its invoices to preserve its rights as a PACA trust beneficiary of Stewart Brothers by including the required PACA statutory statement as stated in ¶ 32 on each invoice and timely sending each invoice to Stewart Brothers.

50. Stewart Brothers failed to pay for the Fruit it purchased in the Transactions.

51. TerraFresh is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Stewart Brothers' assets subject to the PACA trust.

For these reasons, TerraFresh seeks an Order declaring that it holds a valid PACA trust claim of at least $109,646 against Stewart Brothers, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and legal fees.

### COUNT III:  STEWART BROTHERS

### CREATION OF COMMON FUND AND ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. § 499e(c)*

52. TerraFresh re-alleges ¶¶ 1 through 37 and 45 through 51.

53. PACA requires Stewart Brothers, as a person subject to license under PACA, to hold inventories of Produce received from all transactions, including the Fruit, all inventories of food or products derived from the Produce, all accounts receivable from the sale of the Produce

or its products, all proceeds of the sale of Produce or its products, and all assets commingled with, purchased with, or otherwise acquired with proceeds of Produce or its products (collectively, "**PACA Trust Assets**") as the PACA trustee for the benefit of TerraFresh and other unpaid suppliers of the Produce, until they have receive full payment. 7 U.S.C. § 499e(c); 7 C.F.R. §§ 46.46(b) and (d)(1).

54. Stewart Brothers received and accepted the Fruit it purchased in the Transactions and was required to maintain its PACA Trust Assets in a manner so that it held sufficient PACA Trust Assets freely available to satisfy the outstanding obligations to TerraFresh and other Produce suppliers as their claims became due. 7 C.F.R. § 46.46(d)(1).

55. Any of Stewart Brothers' actions or failures to act, which are inconsistent with its responsibility to maintain PACA Trust Assets, which could result in the diversion of PACA Trust assets, or which could prejudice or impair its ability to timely pay TerraFresh and other unpaid Produce suppliers for Produce transactions are unlawful and in violation of PACA. 7 C.F.R. §§ 46.46(a)(2) and (d)(1).

56. Stewart Brothers received and controlled the disposition of the Produce it purchased from TerraFresh and was required to hold sufficient PACA Trust Assets for the benefit of TerraFresh to pay its claims as they became due and make full payment to TerraFresh.

57. While TerraFresh remained unpaid for the Transactions, Stewart Brothers acted in a manner that was inconsistent with its duties to TerraFresh and failed to hold sufficient PACA Trust Assets for the benefit of TerraFresh. Instead of paying TerraFresh, Stewart Brothers used PACA Trust Assets to pay for supplies, equipment, ingredients, vehicles, loans, payroll, administration, expenses and other non-PACA Trust creditors.

58. Stewart Brothers dissipated PACA Trust Assets and failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including TerraFresh's PACA trust claim.

59. Stewart Brothers failed to use the PACA Trust Assets to pay TerraFresh for the Produce at issue in the Transactions, and continues to withhold the PACA Trust Assets from TerraFresh in violation of federal law.

60. Because Stewart Brothers failed to maintain and protect the PACA Trust Assets from dissipation, TerraFresh has suffered damages in an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees.

For these reasons, TerraFresh seeks an Order:

(i) Creating a common fund from which all PACA trust beneficiaries may receive payment;

(ii) Directing Stewart Brothers to maintain PACA Trust Assets in an amount no less than $109,646, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims;

(iii) Directing Stewart Brothers to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

(iv) Enjoining Stewart Brothers from dissipating PACA Trust Assets; and

(v) Directing Stewart Brothers to immediately pay to TerraFresh, as a PACA trust beneficiary, PACA Trust Assets equal to an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees.

## COUNT IV:  STEWART BROTHERS

### FAILURE TO PAY PROMPTLY
### 7 U.S.C. § 499(b)(4)

61. TerraFresh re-alleges ¶¶ 1 through 37.

62. At all times during the Transactions, Stewart Brothers was engaged in the business of a dealer under PACA because it was buying fresh fruit in interstate commerce, in wholesale quantities of 2,000 pounds or more in a day, subject to PACA and its Regulations.

63. PACA requires Stewart Brothers as an unlicensed dealer operating subject to PACA, to tender full payment promptly to its unpaid produce suppliers and sellers under 7 U.S.C. § 499b(4).

64. Stewart Brothers failed to pay for the Fruit it purchased in the Transactions within payment terms for each Transaction of 10 days from receipt and acceptance. 7 C.F.R. § 46.2(aa)(5).

65. Because Stewart Brothers has failed to pay TerraFresh promptly for the Fruit it purchased in the Transactions, TerraFresh has suffered damages in an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees.

For these reasons, TerraFresh seeks an Order directing Stewart Brothers to immediately pay it an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees.

**COUNT V: CHERYL STEWART, RONNY STEWART, JAMES STEWART, AND STEWART FARMS**

**BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES**

66. TerraFresh re-alleges ¶¶ 1 through 37, 45 through 51, and 53 through 65.

67. At all relevant times, Cheryl Stewart was the sole owner, and an officer or director of Stewart Farms, and the mother of Ronny Stewart, and James Stewart.

68. On its PACA license, Stewart Farms represented that Stewart Brothers operates under Stewart Farms' PACA license, Stewart Brothers is a trade name for Stewart Farms, and it

does business under the trade names of Columbia Gorge Organic Fruit Co., and Stewart Brothers.

69. In July, 2021, Cheryl Stewart represented to TerraFresh that she was the owner of Stewart Brothers, was in a position to assure payment to TerraFresh and that the entire balance due to TerraFresh would be paid in full by the fall of 2021.

70. In July, 2021, Cheryl Stewart instructed a Stewart Brothers employee to inform TerraFresh that Cheryl Stewart was the owner of Stewart Brothers and Stewart Brothers would have the balance due paid TerraFresh within 45 days by the fall.

71. At all times during the Transactions, Cheryl Stewart controlled, or was in a position to control, Stewart Brothers' PACA Trust Assets and decide who received payment of the PACA Trust Assets.

72. At all relevant times, Cheryl Stewart had knowledge and responsibility for Stewart Brothers' operations and financial dealings.

73. Cheryl Stewart had a duty to ensure that Stewart Brothers fulfilled its duties as trustee of the PACA trust.

74. At all relevant times, Stewart Farms allowed Stewart Brothers to operate under its PACA license and thereby assumed responsibility for Stewart Brothers' duties under PACA, including its PACA trust duties.

75. At all relevant times, Stewart Farms was in a position to control Stewart Brothers' PACA Trust Assets and decide who received payment of the PACA Truest Assets.

76. At all relevant times, Stewart Farms had knowledge and responsibility for Stewart Brothers' operations and financial dealings.

Leonard Law Group LLC
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
leonard-law.com

77. At all relevant times, Stewart Farms had a duty to ensure that Stewart Brothers fulfill its duties as trustee of the PACA trust.

78. At all relevant times, James Stewart was the secretary of Stewart Brothers.

79. At all relevant times, Ronny Stewart was the president of Stewart Brothers.

80. At all relevant times, Ronny Stewart and James Stewart controlled, or were in a position to control Stewart Brothers' PACA Trust Assets.

81. At all relevant times, Ronny Stewart and James Stewart had full knowledge and responsibility for Stewart Brothers' operations and financial dealings.

82. At all relevant times, Ronny Stewart and James Stewart each had a duty to ensure that Stewart Brothers fulfill its duties as trustee of the PACA trust.

83. At all relevant times, Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart each had a duty to prevent dissipation of PACA Trust Assets and ensure that Stewart Brothers maintained sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

84. Stewart Brothers breached its fiduciary duty as PACA trustee of the PACA trust when it dissipated PACA Trust Assets and failed to maintain sufficient PACA Trust Assets to satisfy TerraFresh's PACA trust claim as it became due.

85. Cheryl Stewart breached her fiduciary duties to TerraFresh by failing to ensure that Stewart Brothers fulfilled its duties as PACA trustee to TerraFresh.

86. Stewart Farms breached its fiduciary duties by failing to ensure that Stewart Brothers fulfilled its duties as PACA trustee to TerraFresh.

87. Ronny Stewart and James Stewart each breached their fiduciary duties by failing to ensure that Stewart Brothers fulfill its duties as PACA trustee to TerraFresh.

88. Because Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart each breached their fiduciary duties, TerraFresh has suffered damages in an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees.

For these reasons, TerraFresh seeks a Judgment in its favor and against Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart, jointly and severally, in the amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees, less any PACA Trust Assets received by TerraFresh.

**COUNT VI: C. STEWART, STEWART FARMS, R. STEWART, AND J. STEWART**

**THIRD PARTY RECIPIENT OF PACA TRUST ASSETS IN BREACH OF TRUST AND UNLAWFUL RETENTION OF PACA TRUST ASSETS**

89. TerraFresh re-alleges ¶¶ 1 through 37, and 45 through 51.

90. At all times during the Transactions, Cheryl Stewart was the sole owner, and an officer or director of Stewart Farms and represented that she was the owner of Stewart Brothers.

91. At all times during the Transactions, Ronny Stewart, and James Stewart were owners, officers, or directors of Stewart Brothers.

92. At all times during the Transactions, Cheryl Stewart, Ronny Stewart, and James Stewart were listed as reported principals on Stewart Farms' PACA license.

93. Upon information and belief, on one or more occassions, Stewart Brothers transferred PACA Trust Assets to Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart.

94. Stewart Brothers' breached its duties as PACA trustee to ensure that it maintained sufficient PACA Trust Assets to pay TerraFresh and other similarly situated PACA trust beneficiaries as their claims became due by transferring PACA Trust Assets to Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart.

95. When Stewart Brothers transferred PACA Trust Asserts to Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart, they each knew, or should have known, that the PACA Trust Assets they received were transferred in breach of Stewart Brothers' duties to maintain sufficient PACA Trust Assets to satisfy TerraFresh's PACA trust claims and those of other similarly situated PACA trust beneficiaries as they became due.

96. Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart received PACA Trust Assets in breach of the PACA trust subject to TerraFresh's interest in those assets.

97. Cheryl Stewart, Ronny Stewart, and James Stewart unlawfully retained PACA Trust Assets, as a result, TerraFresh has suffered damages in an amount totaling the value of the PACA Trust Assets Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart received, less any PACA Trust Assets recovered by TerraFresh from Stewart Brothers.

For these reasons, TerraFresh seeks an Order:

(i) Directing Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart to each hold any PACA Trust Assets in their possession or control in constructive trust for TerraFresh's benefit;

(ii) Directing Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart to each pay an amount equal to the total of all PACA trust assets received to TerraFresh; and

(iii) Entering Judgment against Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart, jointly and severally, in an amount equal to the total of all PACA Trust Assets they received, limited to $109,646, plus interest, costs, and legal fees, less any PACA Trust Assets TerraFresh receives from another source.

**FOR THESE REASONS,** TerraFresh requests:

A. On Count I, a Final Judgment in its favor and against Stewart Brothers, in an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees;

B. On Count II, an Order declaring that TerraFresh possesses a valid PACA trust claim in an amount no less than $109,646 against Stewart Brothers, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and legal fees;

C. On Count III, an Order creating a common fund from which all PACA trust beneficiaries may receive payment, directing Stewart Brothers to maintain PACA Trust Assets in an amount no less than $109,646, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims, directing Stewart Brothers to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, enjoining Stewart Brothers from dissipating PACA Trust Assets, and directing Stewart Brothers to immediately pay to TerraFresh, as a PACA trust beneficiary, PACA Trust Assets equal to an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees;

D. On Count IV, an Order directing Stewart Brothers to immediately pay TerraFresh an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees;

E. On Counts II through IV, a Final Judgment in its favor and against Stewart Brothers, in an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees;

  F. On Count V, a Final Judgment in TerraFresh's favor and against Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart, jointly and severally, in an amount no less than $109,646, plus interest from the date each invoice became past due, costs, and legal fees, less PACA Trust Assets recovered by TerraFresh;

  G. On Count VI, an Order directing Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart to hold any PACA Trust Assets in their possession or control in constructive trust for TerraFresh's benefit, directing Cheryl Stewart, Stewart Farms, Ronny Stewart, and James Stewart to pay TerraFresh an amount equal to the total of all PACA Trust Assets they each received, and entering Judgment against Cheryl Stewart, Ronny Stewart, and James Stewart in an amount totaling all PACA Trust Assets received, limited to $$109,646, plus interest, costs, and legal fees, less any PACA Trust Assets recovered by TerraFresh; and

  H. Providing all other relief this Court deems appropriate upon consideration of this matter.

Dated: October 7, 2022       **LEONARD LAW GROUP LLC**

                By: /s/ Timothy A. Solomon
                Timothy A. Solomon, OSB 072573
                tsolomon@LLG-LLC.com

                *Attorneys for Plaintiff, TerraFresh Organics, LLC*

**Page 18 of 19 – COMPLAINT**         LEONARD LAW GROUP LLC
4110 SE Hawthorne Blvd., PMB 506
Portland, Oregon 97214
leonard-law.com

## VERIFICATION

I, Greg Holzman, declare as follows:

1.  I am the Managing Member of TerraFresh Organics, LLC, the Plaintiff in this action.

2.  I have read the above and foregoing Complaint and hereby verify the facts contained in the Verified Complaint are true and correct to the best of my knowledge, information, and belief.

3.  I am authorized on behalf of TerraFresh Organics, LLC to verify this Complaint.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct, and that this Verification was executed in Mull Valley, California.

Dated this 21st day of September, 2022.

/s/ Greg Holzman
Greg Holzman

Case 3:22-cv-01509-JR   Document 1   Filed 10/07/22   Page 20 of 20